

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Glenn Link
Acting Executive Secretary
Texas State Parks Board
Austin, Texas

Dear Sir:

Opinion No. O-4064
Re: Authority of Texas Parks
Board or similar State agency
to convey certain State-owned
park property to a local cor-
poration or board of trustees.

From your letter of recent date and the accompany-
ing explanatory deeds, it appears that W. N. Chandler and
Randolph Chandler, joined by their wives, and Miss Annie
Chandler, a feme sole, conveyed to the State of Texas by
warranty deeds certain described land for park purposes,
in a transaction whereby the consideration for said lands
was paid by a group of citizens of Stephenville, Texas, who
contributed by popular subscription for the purchase there-
of and had the deed made out to the State as a donation
from them of land for park purposes.

You request the opinion of this department in
response to the following questions:

"QUESTION: Can either the Texas State Parks
Board or another agency of the State of Texas or
the State of Texas deed said property to a local-
ly organized corporation or a Board of Trustees.

"QUESTION: If the above question is answer-
ed entirely in the negative, can either the Texas
State Parks Board or another agency of the State
of Texas or the State of Texas lease said property
for ninety-nine (99) years to a locally organized
corporation or Board of Trustees."

Honorable Glenn Link, Page 2

Under the authority of Article 6070b, Vernon's Annotated Civil Statutes, the Texas State Parks Board accepted the gift of land on December 16, 1933; and since 1933 this area described in said deeds has been operated as a public park.

The Texas Parks Board is a State agency, in the nature of a quasi-public corporation, created and employed by the State for the purpose of initiating a movement looking to the establishment eventually of a system of State Parks for the benefit of the people, secured either by donation or purchase, or established on any land owned by the State available for such purpose. See Acts 1923, 38th Leg., 2nd C. S., Ch. 25, p. 58, ¶ 3; Acts 1937, 45th Leg., S. B. No. 376, ¶ 1; Article 6069, V.A.C.S.; 37 Tex. Jur., p.65; 11 Tex. Jur. page 563.

Unless specifically authorized by the Constitution or statutes, such State agencies have no power or authority to convey any of the property acquired by them for the purposes of carrying out the duties delegated to them. When authorized by statute to convey such property, they must do so strictly in the manner provided therein. 37 Tex. Jur. 950.

Whatever power or authority the State Parks Board has to dispose of any of its property and the manner by which the same may be conveyed is derived from Article 6068, R.C.S., as amended by Acts 1939, 46th Leg., R.S., S. B. No. 298, ¶ 1, p. 516.

Section 1 of this Act reads in part as follows:

". . .

"'The said Board shall solicit donations to the State of tracts of land, large or small, to be used by the State for the purpose of public parks and/or recreational areas, and said Board is hereby authorized to accept in behalf of the State the title to any such tract or tracts of land. . . . or if title to a site has

become vested in the State for park purposes
and the site is deemed unsuitable for a State
Park by the State Parks Board. . ., the Board
is hereby authorized and empowered to transfer
title to another State Department or institu-
tion wishing the land, or where the land has
been donated by a city or county or other donor,
to transfer title to such city or county or
other donor where they wish the site returned
to them. . .; provided that in all instances
where the Board acts under the authority of
this statute, it must do so by a two-thirds
(2/3) vote of the members of the Board, and pro-
viding that the Chairman of the Board shall sign
all instruments authorized under this Act. As
amended Acts 1939, 46th Leg., p. 516.'"(Under-
scoring ours)

The obvious object of the Legislature in creating
Article 6068 was to divest the State Parks Board of title
to land which is unsuitable for park purposes, and to per-
mit such land to be put to other uses. The authority given
the Board under this statute to reconvey donated lands to
the donors thereof must, however, be exercised in stirct
compliance with the statute.

Whether or not the State Parks Board has the au-
thority to revest title to said lands into a group of known
citizens who collected by popular subscription a sum of
money with which said citizens purchased the lands described
in the submitted deeds and donated said land to the State
for park purposes, or whether authority exists to revest title
to same into a locally organized corporation or board of
trustees must be found, if any, in the pertinent words of the
statute above underscored.

It is the opinion of this department under the par-
ticular fact situation herein set out that the gift made by
the twenty-five citizens of Stephenville, more or less, con-
stituted a land donation to the State for park purposes with-
in the meaning of the statute; and that therefore a recon-
veyance may be made to said donors under the authority and
manner provided in the statute.

Under the clause of Article 6068, underscored by us, we are of the opinion that the State Parks Board has the requisite authority to transfer title to the said donated lands to the donors thereof in order to permit said land to be put to other uses where the same is unsuitable for park purposes.

It would follow that because the proposed locally organized corporation or board of trustees were not in fact the real donors of the land that reconveyance to said bodies would be improper and illegal. Accordingly, your first question must be answered in the negative.

We have carefully examined the various statutes under Title 103, R.C.S., Articles 6067 to 6081e, inclusive, V.A.C.S., with reference to the powers of the State Parks Board or other similar subordinate State agencies to dispose of State park lands, and find no express delegation of authority to any State agency to lease said lands. In the absence of such authority your second question must be answered in the negative.

Should the Board in its judgment declare said land unsuitable for park purposes and in the event that a reconveyance thereof to the original donors is voted favorably, the State Parks Board should require such proof as will completely satisfy it as to the names of all persons making any contribution to the project and if reconveyance is made it should be to all such persons.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 3, 1941

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

By *Chester E. Ollison*
Chester E. Ollison

CEO:LM

